# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SYLVESTER BELL**                                                        **PETITIONER**

**v.**                                                          **No. 3:17CV47-MPM-DAS**

**EARNEST LEE, ET AL.**                                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Sylvester Bell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Bell has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

## Facts and Procedural Posture

Sylvester Bell pled guilty to statutory rape in the Circuit Court of Tunica County, Mississippi and was sentenced on July 6, 20017, as a habitual offender to serve a term of thirty years in the custody of the Mississippi Department of Corrections. That same day, Bell pled guilty to a two-count indictment for armed robbery (Count 1) and aggravated assault (Count II). ECF Doc. 6, pp. 62-69. The court sentenced Bell to serve ten years on each count to run concurrently with each other, and both Counts I and II were ordered to run concurrently with his sentence on the statutory rape charge. ECF Doc. 6, pp. 53-54.

Records of the Tunica County Circuit Court and the Mississippi Supreme Court reflect that Bell filed documents challenging his plea and sentence in both courts. On October 12, 2009, Bell signed a "Motion for Post-Conviction Collateral Relief," which was stamped as filed on October 19, 2009, in the Tunica County Circuit Court. The trial court denied this motion on

January 19, 2011. Bell appealed the trial court's decision, and the Mississippi Court of Appeals affirmed the lower court's denial of relief on September 4, 2012. *Bell v. State*, 105 So. 3d 401 (Miss. Ct. App. 2012), *reh'g denied*, January 15, 2013 (Cause No. 2011-CP-00214). The mandate of the state appellate court issued on February 5, 2013.

About four years after filing his original petition (and shortly after the appellate court's decision on his first post-conviction), Bell signed a second motion for post-conviction relief on April 9, 2013, which was filed in the Tunica County Circuit Court on April 15, 2013. The trial court denied Bell's motion on June 27, 2014, as a successive petition, finding no exceptions to the procedural bar. The trial court also denied Bell's motion for rehearing on November 5, 2014. Bell appealed the lower court's decision, and the Mississippi Court of Appeals affirmed the lower court's denial of relief. *Bell v. State*, 207 So. 3d 705 (Miss. Ct. App. 2016), *reh'g denied*, October 11, 2016, *cert. denied*, January 12, 2017 (Cause No. 2014-CP-1370-COA). The mandate of the court of appeals issued on February 2, 2017.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Thus, Bell's conviction became final on August 5, 2007, thirty days after he was sentenced on his guilty plea.[1] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the deadline for him to file a federal petition for a writ of *habeas corpus* became August 5, 2008 (August 5, 2007 + 1 year). Though Mr. Bell filed a state application for post-conviction collateral relief, he signed that motion on October 12, 2009, well over a year after the expiration of the federal *habeas corpus* limitations period. As such, the motion did not trigger the tolling provisions of 28 U.S.C. § 2244(d). For the same reason, Mr. Bell's April 9, 2013, state application for post-conviction

---

[1] There is presently a state statutory prohibition against direct appeals from guilty pleas. At one time, however, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty days when the defendant alleged an illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. Ct. App. 1999); *Acker v. State*, 797 So.2d 966 (Miss. 2001). A later amendment to the Mississippi Code, however, prohibited appealing a guilty plea. Miss. Code Ann. § 99-35-101 (Supp. 2009). The Mississippi Court of Appeals has recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, the effective date of the new amendment. *Seal v. State*, 38 So.3d 635 (Miss. Ct. App. 2010). As Mr. Bell entered his plea prior to 2008, the judgment became final thirty days after Bell was sentenced on his plea.

collateral relief did not toll the federal *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2) . Thus, the deadline for seeking federal *habeas corpus* relief remained August 5, 2008.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 23, 2017, and the date it was received and stamped as "filed" in this court on March 1, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 3,123 days (over eight years) after the August 5, 2008, filing deadline.

Mr. Bell does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). He argues that the court reporter was not present at his plea hearing, and her absence excused the tardiness of his federal petition. He also argues that his conviction became final on June 12, 2017. Both arguments are unavailing. The presence or absence of a court reporter would have no effect on the timeliness of the instant petition, and, as the State notes, the State Court Record bears the certification of the court reporter who was present at Mr. Bell's plea hearing. As to Mr. Bell's calculation of the date his conviction became final, as set forth above, that date was August 5, 2008, not June 12, 2015. As such, Mr. Bell does not benefit from equitable tolling, and the instant petition will

dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of March, 2018.

        **/s/ MICHAEL P. MILLS**
        **UNITED STATES DISTRICT JUDGE**
        **NORTHERN DISTRICT OF MISSISSIPPI**